BRUCE MACGIBBON & another vs. BOARD OF APPEALS
OF DUXBURY.

Plymouth.   March 18, 1976.

Present: HENNESSEY, C.J., REARDON, QUIRICO, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Zoning,* Wetlands. *Seashore. Supreme Judicial Court,* Rehearing.
*Practice Civil,* Appeal: rehearing.

A petition for rehearing was denied where the issues raised in the
petition had been considered by this court in its original decision
and where other concerns sought to be raised by several amici
curiae in support of the petition with respect to the possible im-
pact of the decision were not issues in the case. [524-525]. REAR-
DON, J., with whom WILKINS, J., joins dissenting.

Following the decision *ante,* 512 (1976), the Supreme
Judicial Court considered a petition for rehearing.

*Donald L. Connors,* Town Counsel, & *Susan G.
Kupfer,* for the Board of Appeals of Duxbury, filed a
petition for rehearing.

*Francis X. Bellotti,* Attorney General, *Charles Cor-
kin, II, Ellyn R. Weiss* & *Stephen M. Leonard,* Assistant
Attorneys General, for the Secretary of Environmental
Affairs & another, amici curiae, submitted a brief.

*Gregor I. McGregor* for the Massachusetts Association
of Conservation Commissions, amicus curiae, submitted a
brief.

*Douglas I. Foy, Alexandra D. Dawson,* & *Alan H.
Kaufman,* for Conservation Law Foundation of New
England, Incorporated, amicus curiae, & *Thomas B.
Arnold,* for Massachusetts Audubon Society, amicus
curiae, submitted a brief.

*R. Lisle Baker* for the Environment Committee of the
Boston Bar Association & another, amici curiae, submit-
ted a brief.

*Stuart DeBard,* amicus curiae, submitted a brief.

BRAUCHER, J. After our decision in this case, *ante*, 512 (1976), (*MacGibbon III*), the board filed a petition for rehearing pursuant to Mass. R. A. P. 27, 365 Mass. 874 (1974). We also received briefs in support of that petition from several friends of the court.[1] We now deny the petition.

*MacGibbon III*, like *MacGibbon v. Board of Appeals of Duxbury*, 347 Mass. 690 (1964) (*MacGibbon I*), and *MacGibbon v. Board of Appeals of Duxbury*, 356 Mass. 635 (1970) (*MacGibbon II*), was based on the zoning by-law of the town as it existed before it was amended in 1971 and on G. L. c. 40A before its amendment in 1975. In *MacGibbon I* the board denied the permit to excavate and fill because of sewage problems, and we reversed because no building permit was in issue. In *MacGibbon II* the board denied the permit because it interpreted the by-law as inapplicable to coastal wetlands. We upheld the validity of the by-law, but reversed because the board had misinterpreted it.

In *MacGibbon III* we adhered to our decisions in *MacGibbon I* and *MacGibbon II*. We also held that the uses of the plaintiffs' land, as testified to by the board's expert, were not "practical" in the sense used in *MacGibbon II*, in defining the power of a town under The Zoning Enabling Act, and that outright denial of the permit because of flooding and erosion problems was improper where the problems could be met by conditions and safeguards. We pointed out that the plaintiffs will still have the burden of convincing other appropriate authorities that subsequent permits should be issued, but we did not pass on any issue with respect to such permits. Nor did we discuss or decide any constitutional issue whatever. So far as the board's petition relates to the

---

[1] The Attorney General, the Boston Bar Association, the Massachusetts Audubon Society, the Conservation Law Foundation of New England, Incorporated, the Massachusetts Association of Conservation Commissions, and Mr. Stuart DeBard.

issues decided in *MacGibbon III*, it brings to us nothing that was not considered in that decision.

The main concern expressed by the friends of the court is with the possible impact of the decision on a variety of State and Federal conservation programs.[2] Thus one friend of the court asserts that *MacGibbon III* may directly affect by-laws adopted under the recently amended Zoning Enabling Act, G. L. c. 40A, as amended by St. 1975, c. 808, § 3. Another suggests that our decision questions the legality and wisdom of the statutes governing protection of coastal and inland wetlands, G. L. c. 130, § 105; c. 131, § 40A. The Attorney General expresses the fear that language in the decision "not necessary to the result" raises serious questions about the validity of several State statutes "not considered by the Court." We did not discuss or decide any such issue in *MacGibbon III*. We do not decide issues not before us, and we ordinarily try to resolve a case without reaching constitutional issues.

*Rehearing denied.*

---

[2] The State and Federal programs and statutes are: G. L. c. 21, § 17B (regulation of scenic and recreational rivers); c. 34, § 25 (acquisition of land by counties to conserve open spaces); c. 40, § 15C (designation of scenic roads); c. 40A, as amended by St. 1975, c. 808, § 3 (The Zoning Act); c. 130, § 105 (protection of coastal wetlands); c. 131, § 39A (regulation of mountain regions); c. 131, § 40 (regulation of filling or altering wetlands); c. 131, § 40A (protection of inland wetlands); c. 270, § 16 (disposal of rubbish in coastal or inland waters); St. 1974, c. 637 (An Act protecting land and water on Martha's Vineyard); 16 U.S.C. §§ 1451-1464 (Supp. IV, 1974) (Coastal Zone Management Act of 1972); 33 U.S.C. §§ 401-413 (1970) (protection of rivers and harbors); 33 U.S.C. §§ 1251-1376 (Supp. IV, 1974) (Federal Water Pollution Control Act and Federal Water Pollution Control Act Amendments of 1972); and 42 U.S.C. §§ 4001-4128 (Supp. IV, 1974), amending 42 U.S.C. §§ 4001-4127 (1970) (National Flood Insurance Act of 1968 and Flood Disaster Protection Act of 1973). There is also a statement by one of the friends of the court that the decision in *MacGibbon III* will have an adverse effect on the computation of local property taxes.

REARDON, J. (dissenting, with whom Wilkins, J., joins). I dissent from the denial of the petition for rehearing for the same reasons I gave in the dissent to the opinion as first issued. While I welcome the attempt to narrow the scope of that opinion I believe that the concerns expressed in the briefs filed by the board, the Attorney General, and the friends of the court on the petition should be heard in argument before us since they have not been put to rest by the court's supplementary opinion.