BOARD OF APPEALS OF DEDHAM *vs.* CORPORATION TIFERETH ISRAEL.
March 9, 1979. This is an appeal by the board from a judgment entered
in the Superior Court which removed a condition imposed by the board
on a special permit it had granted to the defendant. We reverse. In
1973 the defendant sought a special permit, pursuant to Section II,
2B(4), of the town's by-laws, allowing it to use two parcels within a
tract of land in Dedham as a cemetery. The permit was granted on
condition that the defendant would not use Ware Street, a private
way, for access to the cemetery. See G. L. c. 40A, § 4, as in effect prior
to St. 1975, c. 808, § 3. In 1974 the defendant requested the board to
remove the condition. That request was denied. On appeal to the
Superior Court pursuant to G. L. c. 40A, § 21, as in effect prior to St.
1975, c. 808, § 3, the judge heard evidence and ruled that since there
was no direct vehicular access to the two parcels, the provision in the
board's original decision to deny the defendant access from Ware
Street was unreasonable. Contrast *Shoppers' World, Inc.* v. *Beacon
Terrace Realty, Inc.*, 353 Mass. 63, 71 (1967). The judge then "amend-
ed" the special permit by "striking out that portion of the decision
which provides 'that access to this property be from Boston only with
no access provided from Ware Street.' " As neither party seeks, nor,
for all that appears, desires to have the special permit annulled (com-
pare *Ploski* v. *Zoning Bd. of Appeals of Somerset, ante* 874, 875 [1979]),
we go directly to the crucial issue which the parties have argued on
appeal — whether the judge could annul the condition of the special
permit. Although G. L. c. 40A, § 21, provides that a judge may "make
such other judgment as justice and equity may require," these words
do not permit the court to invade the whole area of administrative
discretion. "We construe [this phrase] as [merely] requiring a decree
according to law." *Pendergast* v. *Board of Appeals of Barnstable*, 331
Mass. 555, 558 (1954). In doing so the judge may not substitute his
judgment for that of the board. *Caruso* v. *Pastan*, 1 Mass. App. Ct. 28,
30 (1973). See generally *Pendergast* v. *Board of Appeals of Barnstable,
supra* at 556-559. Consequently, the judge's authority "to fashion judg-
ments that will do justice and equity is very limited. [The language in
question] does not give him the power to order modifications of a
[permit]. . . ." *Strand* v. *Planning Bd. of Sudbury*, 5 Mass. App. Ct. 18,
22 (1977). Modifications and changes should be analyzed and approved
by the board, which is better equipped than a court to consider such
matters. Cf. *Pendergast* v. *Board of Appeals of Barnstable, supra* at
557-558. It is for the board alone to determine whether a permit should
be granted with or without the condition. *Gulf Oil Corp.* v. *Board of
Appeals of Framingham*, 355 Mass. 275, 277-278 (1969). *Copley* v.
*Board of Appeals of Canton*, 1 Mass. App. Ct. 821 (1973). See also *Kiss*
v. *Board of Appeals of Longmeadow*, 371 Mass. 147, 158 (1976). Accord-
ingly, the judgment is reversed, and a new judgment is to be entered
stating that the decision of the board did not exceed its authority and
that no modification of its decision is required. Costs of appeal are not
to be awarded to any party.

                                                 *So ordered.*

*Paul D. Maggioni*, Town Counsel, for the plaintiff.
*Melvin R. Perlman (Jerry E. Benezra* with him) for the defendant.