HENRY R. GERYK & another, trustees, *vs.* ZONING
APPEALS BOARD OF EASTHAMPTON & another.[1]

Hampshire. October 16, 1979. — November 14, 1979.

Present: BROWN, DREBEN, & KASS, JJ.

*Zoning,* Variance, Judicial review. *Practice, Civil,* Zoning appeal, Appeal from interlocutory order.

In an appeal from the denial of an application for a variance, the judge
exceeded his authority in permitting the plaintiffs to opt for a different variance from the one originally applied for and denied by
the board of appeals and in annulling the board's decision and
ordering it to grant the substituted variance. [683-685]

In an appeal from the denial of an application for a variance, a judgment ordering the board of appeals to grant a specific variance was
final for purposes of appeal even though the judge remanded the
proceeding to the board of appeals for further action and retained
jurisdiction over the case. [685]

CIVIL ACTION commenced in the Superior Court on November 18, 1976.

The case was heard by *Apkin,* J., a District Court judge sitting under statutory authority.

*Richard M. Howland,* for the Planning Board of Easthampton, intervener.

*Thomas P. Vincent* for the plaintiffs.

KASS, J. From a denial of an application for a variance by the board of appeals of Easthampton, Henry R. Geryk and Rose V. Geryk, the plaintiffs, have appealed pursuant to G. L. c. 40A, § 21, as in effect prior to St. 1975, c. 808, § 3. The variance which the Geryks sought would have permitted them to divide a lot into two lots, each of which would have been below the prescribed minimum lot

---

[1] Planning board of Easthampton, intervener.

area, and would have permitted the erection on one of those lots of a two-family house in a zoning district where two-family houses were not permitted as of right.

During the course of the proceedings in Superior Court the Geryks opted for a different variance, which would have allowed them to locate one single-family residence on each of the undersized lots, instead of a single-family residence on one lot and a two-family residence on the second lot, as originally requested.

Acting on the basis of a stipulation of facts by the parties, the judge annulled the decision of the board of appeals, and ordered it to grant a variance for the construction of two single-family houses. This grant of a variance, the judge's order provided, was to be made after a hearing, although it is difficult to imagine what benefit would have derived from such a hearing when the board was already under judicial instruction to grant a variance in all events. To reshape in this manner the relief originally sought from the board of appeals is beyond the power of a reviewing court under G. L. c. 40A, § 21, and its successor G. L. c. 40A, § 17, as appearing in St. 1975, c. 808, § 3.

Under *Pendergast* v. *Board of Appeals of Barnstable,* 331 Mass. 555, 556, 558-560 (1954), and its considerable progeny, a reviewing court may not order the grant of a variance except in the rare case where a variance was denied solely on a legally untenable ground (see e.g., *MacGibbon* v. *Board of Appeals of Duxbury,* 369 Mass. 512, 520 [1976], *S. C.,* 369 Mass. 523 [1976]) or because the decision was arbitrary and capricious (see e.g. *Lapenas* v. *Zoning Bd. of Appeals of Brockton,* 352 Mass. 530, 533-534 [1967]). A court hearing an appeal from the grant or denial of a variance or a special permit is without administrative discretion. As we said recently in *Subaru of New England, Inc.* v. *Board of Appeals of Canton, ante* 483, 486 (1979), "a court reviewing a decision of a board denying a permit does not possess the same discretionary power as does the board. . . ." By

substituting forms of relief different from those original-ly asked for, the court engages exactly in the sort of ad-ministrative intervention which *Pendergast* warns against. See also *Strand* v. *Planning Bd. of Sudbury,* 5 Mass. App. Ct. 18, 21-23 (1977); *Board of Appeals of Dedham* v. *Corporation Tifereth Israel,* 7 Mass. App. Ct. 876 (1979).

The plaintiffs have argued that the judgment of the trial court was not final and that this appeal, therefore, is premature. According to the plaintiffs the want of finali-ty lies in the fact that the judge remanded the zoning proceeding to the board of appeals for further action and retained jurisdiction over the case. Since the judgment, however, required the grant of a specific variance it was final in the sense that it ordered a result in certain terms and left nothing to the discretion of the board. The re-tention of jurisdiction by the court appears to have been solely to insure compliance. This appeal does not inter-rupt the progress of the litigation, cause delay or waste judicial effort by presenting a question that will turn out to be unimportant. See *Borman* v. *Borman,* 378 Mass. 775, 779 (1979). On the contrary, it disposes of the case fully and finally. *Cape Ann Land Development Corp.* v. *Gloucester,* 371 Mass. 19, 25 n.8 (1976). *Seymour's Case,* 6 Mass. App. Ct. 935 (1978).

The judgment is reversed and a new judgment is to be entered that the decision of the board of appeals was not in excess of its authority.

*So ordered.*