DANIEL F. MARR, trustee, *vs.* BACK BAY ARCHITECTURAL
COMMISSION.

Suffolk. February 10, 1987. — March 25, 1987.

Present: GRANT, KAPLAN, & BROWN, JJ.

*Practice, Civil,* Findings by judge. *Back Bay Architectural Commission.
Administrative Law,* Agency, Judicial review.

This court rejected a trial judge's findings which, with minor exceptions,
consisted merely of a retyping of proposed findings of fact and conclu-
sions of law submitted to him by counsel for the plaintiff in a civil
action, and which revealed lack of independent thought by the judge.
[681]

In a proceeding for judicial review of decisions by the Back Bay Architectural
Commission under St. 1966, c. 625, the plaintiff, who was seeking a
certificate of appropriateness respecting exterior architectural features
of a proposed building and driveway, had the burden of proof and
persuasion on the question whether the commission's decisions denying
a certificate should be annulled. [681-682]

Statement of the proper scope of judicial review in a proceeding under St.
1966, c. 625, § 10, for review of a decision by the Back Bay Architectural
Commission. [682-684]

Where, in a proceeding for judicial review of a decision by the Back Bay
Architectural Commission denying a certificate of appropriateness, the
judge concludes that the commission's decision is to be annulled, his
normal course should be to remand the matter to the commission for
further consideration in light of his decision, rather than to direct the
issuance of a certificate. [684-685]

In a proceeding for judicial review of a decision of the Back Bay Architec-
tural Commission under St. 1966, c. 625, denying an application for a
certificate of appropriateness respecting proposed architectural features,
the judge cannot properly set aside the commission's decision solely on
the basis of the fact that other buildings in the Back Bay architectural
district have features similar to those desired by the applicant, if the
commission had no occasion to pass on the appropriateness of those
features; nor may the commission's decision be disturbed either because
it may have disagreed with a decision by the board of appeal of Boston
giving the applicant a variance, or because the commission's decision
may have the incidental effect of preventing the desired use. [685-686]

CIVIL ACTION commenced in the Superior Court Department on January 23, 1984.

The case was heard by *Jeremiah J. Sullivan,* J., sitting under statutory authority.

*Mary Ellen Nolan,* Assistant Corporation Counsel, for the defendant.

*Joseph J. Brodigan* for the plaintiff.

*Mark J. DeFrancisco,* for Neighborhood Association of the Back Bay, Inc., & others, amici curiae, submitted a brief.

GRANT, J. This is the first time that either of our appellate courts has had occasion to consider the powers and duties of the Superior Court in reviewing decisions of the Back Bay Architectural Commission (St. 1966, c. 625, as amended). It is also the first time since the decision in *Cormier* v. *Carty,* 381 Mass. 234, 235-238 (1980), and *Markell* v. *Sidney B. Pfeifer Foundation, Inc.,* 9 Mass. App. Ct. 412, 414-418 (1980), that either appellate court has concluded that it must reject findings of fact and conclusions of law which a trial judge has copied almost verbatim from proposals submitted by counsel for one of the parties.[1]

These are two appeals to the Superior Court from decisions of the commission by which it refused, in effect, to issue a certificate of appropriateness (St. 1966, c. 625, § 8, as amended by St. 1981, c. 624, § 4, and further amended by St. 1982, c. 624, § 8) with respect to the exterior architectural features (St. 1966, c. 625, § 3, as amended by St. 1981, c. 624, § 2) of a proposed garage and associated entrance driveway which the plaintiff wishes to construct in and leading to the

---

[1] See, e.g., *Mailer* v. *Mailer,* 390 Mass. 371, 375 (1983); *Lewis* v. *Emerson,* 391 Mass. 517, 524 (1984); *Roche* v. *Boston Safe Deposit & Trust Co.,* 391 Mass. 785, 792 (1984); *Lovett* v. *Commonwealth,* 393 Mass. 444, 446-447 (1984); *First Pa. Mortgage Trust* v. *Dorchester Sav. Bank,* 395 Mass. 614, 622 n.12 (1985); *O'Hara* v. *Robbins,* 13 Mass. App. Ct. 279, 285-286 (1982); *Ricky Smith Pontiac, Inc.* v. *Subaru of New England, Inc.,* 14 Mass. App. Ct. 396, 404-405 (1982); *Abbott* v. *John Hancock Mut. Life Ins. Co.,* 18 Mass. App. Ct. 508, 522 (1984); *Bottom Line Assocs.* v. *International Data Group,* 18 Mass. App. Ct. 921, 921 n.1 (1984); *Edinburg* v. *Cavers,* 22 Mass. App. Ct. 212, 218-220 (1986); *Kent* v. *Kent,* 22 Mass. App. Ct. 340, 341 (1986).

basement level of the front elevation of an addition to an existing building which the plaintiff has now constructed at 299 Beacon Street, Boston, which lies within the Back Bay architectural district (St. 1966, c. 625, § 2, as most recently amended by St. 1979, c. 456). The appeals were consolidated for trial before a probate judge sitting in the Superior Court under statutory authority. Seven days after the due date for the filing of proposed findings of fact and conclusions of law, as well as the submission of posttrial briefs, the judge signed and filed a twenty-page document entitled "Findings" which concluded with an order of remand to the commission with a direction to issue a certificate of appropriateness to the plaintiff. On the same day the judge signed something entitled "Plaintiff's Judgment." The commission appealed to this court. St. 1966, c. 625, § 10.

1. We deal first with the adequacy of the so-called "Findings." With minor exceptions not worth noting, they consisted of nothing more than a retyping of the proposed findings of fact and conclusions of law which had been submitted by counsel for the plaintiff at the conclusion of the case.[2] More than one quarter of the twenty pages were devoted to disposing of a defense which the commission had set up in its answers, which had been litigated only faintly in the course of the trial, and which had been conspicuously waived by the commission in its posttrial brief. There was here not only an evident lack of the independent thought on the part of a trial judge in performing his duties under Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974), which is called for by the *Cormier* and *Markell* cases and their progeny (*supra* note 1), there was also a transparent refusal to consider any of the contentions of the commission.

We turn now to a discussion of the various errors in the judge's decision.

2. The judge erred in placing the burden on the commission to justify its decisions. It is the plaintiff who is seeking a

---

[2] The body of the judgment was also copied from a form submitted by counsel for the plaintiff. The judge struck the word "Proposed" from the caption of the submission.

certificate of appropriateness, and it is he who has the burdens of proof and persuasion on the question whether the decisions should be annulled. See *Gumley* v. *Selectmen of Nantucket,* 371 Mass. 718, 724 (1977). Compare *Dion* v. *Board of Appeals of Waltham,* 344 Mass. 547, 555-556 (1962); *Framingham Clinic, Inc.* v. *Zoning Bd. of Appeals of Framingham,* 382 Mass. 283, 297 (1981); *Warren* v. *Zoning Bd. of Appeals of Amherst,* 383 Mass. 1, 10 (1981).

3. Contrary to what the plaintiff's counsel and the judge supposed, the scope of review on an appeal to the Superior Court from a decision of the commission is not as extensive as that which applies in an appeal from a decision of a board of appeals under The Zoning Act. The second paragraph of G. L. c. 40A, § 17, as appearing in St. 1975, c. 808, § 3, reads in relevant part: "The court shall hear all evidence pertinent to the authority of the board [of appeals] . . . and determine the facts, and, upon the facts as so determined, annul such decision if found to exceed the authority of [the] board . . ., or make such other decree as justice and equity may require."[3] The second sentence of St. 1966, c. 625, § 10, reads: "The court shall hear all pertinent evidence and shall annul the determination of the commission if it finds the reasons given by the board [*sic*] to be *unwarranted by the evidence or* to be *insufficient in law* to warrant the determination of the commission or make such other decree as justice and equity may require" (emphasis supplied).[4] There is no general directive in the latter statute to make findings of fact on all issues

---

[3] The language of § 17 is traceable to G. L. c. 40, § 30, as appearing in St. 1933, c. 269, § 1, as amended by St. 1935, c. 388, § 2, which was construed in *Pendergast* v. *Board of Appeals of Barnstable,* 331 Mass. 555, 556-560 (1954). Virtually the same language was later to be found in St. 1955, c. 601 (Nantucket), § 11 (*Opinion of the Justices,* 333 Mass. 773, 775 [1955]), and is now to be found in St. 1970, c. 395 (Nantucket), § 12 (*Gumley* v. *Selectmen of Nantucket,* 371 Mass. at 723-724).

[4] The language last quoted appears to have been taken from St. 1955, c. 616 (Beacon Hill), § 10 (*Opinion of the Justices,* 333 Mass. 783, 786 [1955]). Virtually identical language also appears in St. 1965, c. 101 (Marblehead), § 11.

which might be thought material,[5] such as whether the exterior architectural features of a particular proposal are "appropriate" within the meaning of St. 1965, c. 625, § 8, as most recently amended.

The court is to restrict itself to a twofold inquiry into the reasons given by the commission for its decision. Logically, the first inquiry should be whether the reasons given on the face of the decision are "insufficient in law to warrant [the commission's] determination." Here, the inquiry is analogous to that in an appeal from a decision of a board of appeals on an application for a special permit under a zoning ordinance or by-law when it is claimed that the decision is based on legally untenable ground. See *Gumley* v. *Selectmen of Nantucket,* 371 Mass. at 724. For example, in the present case, has the commission improperly based its decisions on some notion of general policy which it believes will further the restated purposes of the statute under which it operates (St. 1966, c. 625, § 1, as amended by St. 1981, c. 624, § 1), or has the commission denied both applications because, in its judgment, the exterior architectural features of both proposals do not meet the criteria of "appropriateness" as they are now specifically delineated in the statute (St. 1966, c. 625, § 8, as amended by St. 1981, c. 624, § 4)? This type of inquiry is one which can normally be answered from the face of the decision in the particular case. If the decision appears to be based on a legally untenable ground, the reason(s) is (are) "insufficient in law" within the meaning of § 10 and, as indicated in the *Gumley* case, the decision should be annulled without further ado unless the court, in the exercise of its discretion, chooses to request a supplemental statement of the commission's reasons before any further proceedings are had.

[5] There is such a directive as to most of the other special act historic districts. See St. 1956, c. 447 (Lexington), § 10; St. 1960, c. 345 (Concord), § 10; St. 1963, c. 40 (Sudbury), § 10; St. 1964, c. 118 (Bedford), § 10; St. 1965, c. 48 (Chatham), § 10; St. 1965, c. 694 (Yarmouthport), § 10; St. 1966, c. 211 (Petersham), § 10; St. 1966, c. 502 (Hingham), § 10; St. 1970, c. 395 (Nantucket), § 12; St. 1973, c. 470 (Old King's Highway), § 11, as amended by St. 1975, c. 845, § 13. Contrast St. 1975, c. 654 (Falmouth), § 10; G. L. c. 40C, § 12A, as appearing in St. 1983, c. 429, § 3.

If the commission's decision appears to be based on a legally tenable ground, the court must then consider whether the reasons given are "warranted by the evidence" within the meaning of § 10. Here, as the *Gumley* case also indicates, the inquiry is analogous to that in an appeal from a decision of a board of appeals on an application for a special permit when it is claimed that the decision was unreasonable, whimsical, capricious or arbitrary. The court is obliged to take evidence and make findings of fact on this branch of the inquiry. If the evidence before the court is sufficient to sustain the decision, the court can annul it only if persuaded by a fair preponderance of the evidence that the action of the commission was unreasonable, whimsical, capricious or arbitrary.[6] In arriving at any such conclusion, the court must take care not to substitute its judgment for that of the commission. *Gumley* v. *Selectmen of Nantucket,* 371 Mass. at 723-724. See *Anderson* v. *Old King's Hy. Regional Historic Dist. Commn.,* 397 Mass. 609, 612-613 (1986). Compare *Pendergast* v. *Board of Appeals of Barnstable,* 331 Mass. 555, 556-558 (1954); *Gulf Oil Corp.* v. *Board of Appeals of Framingham,* 355 Mass. 275, 277-278 (1969); *Caruso* v. *Pastan,* 1 Mass. App. Ct. 28, 29-30 (1973); *Board of Appeals of Dedham* v. *Corporation Tifereth Israel,* 7 Mass. App. Ct. 876 (1979); *Subaru of New England, Inc.* v. *Board of Appeals of Canton,* 8 Mass. App. Ct. 483, 486-487 (1979); *Geryk* v. *Zoning Bd. of Appeals of Easthampton,* 8 Mass. App. Ct. 683, 684-685 (1979).[7]

4. We come now to the action which the court should take if it concludes that the decision of the commission must be annulled. The provision in St. 1966, c. 625, § 10, that the court may "make such other decree as justice and equity may require" is not to be taken as a blanket authorization to direct the commission to issue a certificate of appropriateness to an applicant.

---

[6] The court can also annul the decision if it finds that the reasons given were a pretext for a legally untenable reason. *Gumley* v. *Selectmen of Nantucket,* 371 Mass. at 724-725.

[7] The provisions of the third paragraph of St. 1975, c. 845 (Old King's Highway), § 11, as most recently amended, are unique in allowing the court to modify or supersede the decision of the commission.

*Gumley* v. *Selectmen of Nantucket,* 371 Mass. at 725. Compare *Pendergast* v. *Board of Appeals of Barnstable,* 331 Mass. at 558; *Board of Appeals of Dedham* v. *Corporation Tifereth Israel,* 7 Mass. App. Ct. at 876; *Geryk* v. *Zoning Bd. of Appeals of Easthampton,* 8 Mass. App. Ct. at 684-685. As the *Gumley* case makes clear, the court is not to direct the issuance of a certificate except in extremely narrow circumstances such as those which prompted a majority of the Supreme Judicial Court to direct the issuance of a special permit in *MacGibbon* v. *Board of Appeals of Duxbury,* 369 Mass. 512, 520 (1976). The language now under consideration authorizes the court to remand the case to the commission for further consideration in light of the court's decision. Compare *Roberts-Haverhill Associates* v. *City Council of Haverhill,* 2 Mass. App. Ct. 715, 717-179 (1974). That is the course which should be followed in all but the most exceptional circumstances.[8]

5. The court cannot base a conclusion that the commission has acted arbitrarily or capriciously solely on the fact that there may be other buildings located in the vicinity of the plaintiff's building and in the Back Bay architectural district which have exterior architectural features similar to those desired by the plaintiff if the commission has had no occasion to pass on the appropriateness of those features. Compare *Ferrante* v. *Board of Appeals of Northampton,* 345 Mass. 158, 161 (1962); *Raia* v. *Board of Appeals of No. Reading,* 4 Mass. App. Ct. 318, 321-322 (1976).

6. Nor should the court fault the commission because it may have disagreed with what the board of appeal of Boston (St. 1956, c. 665, as amended) had to say about the aesthetics of the plaintiff's proposal in the decision by which the board granted the plaintiff a variance from the provisions of the

---

[8] Such a remand is expressly authorized by St. 1975, c. 654 (Falmouth), § 10, by St. 1975, c. 772 (Boston Landmarks), § 9, and by G. L. c. 40C, § 12A, as amended. Remand is expressly required by a majority of the special acts. See St. 1956, c. 447 (Lexington), § 10; St. 1960, c. 345 (Concord), § 10; St. 1963, c. 40 (Sudbury), § 10; St. 1964, c. 118 (Bedford), § 10; St. 1965, c. 48 (Chatham), § 10; St. 1965, c. 694 (Yarmouthport), § 10; St. 1966, c. 211 (Petersham), § 10; St. 1966, c. 502 (Hingham), § 10.

zoning ordinance so as to legitimate the use of a portion of the building as a garage. This is simply another of the situations in which the Legislature has required multiple authorizations from different administrative bodies established to serve different purposes. See *Opinion of the Justices,* 333 Mass. 783, 789 (1955). Compare *Building Commr. of Medford* v. *C. & H. Co.,* 319 Mass. 273, 282 (1946); *Lovequist* v. *Conservation Commn. of Dennis,* 379 Mass. 7, 12-13 (1979); *Fitz-Inn Auto Parks, Inc.* v. *Boston,* 389 Mass. 79, 82 (1983).

7. The plaintiff and the judge were quite correct in noting that the fourth paragraph of St. 1966, c. 625, § 8, as appearing in St. 1981, c. 624, § 4, provides in part that "[t]he commission shall pass only on the exterior architectural features of a structure and shall not consider interior arrangements nor the use to be made of a structure." If the commission has properly refused the requested certificate on the ground that the exterior architectural features of the proposed garage are not appropriate under the statute, the fact that the refusal will have the incidental effect of preventing the desired use is not a ground for annulling the commission's decision.[9]

The judgment is reversed, and the case is to stand for further proceedings consistent with this opinion.

*So ordered.*

---

[9] It should be noted that the sentence which follows the portion of the statute just quoted provides: "It is the intent of this act that the commission be strict in its judgment of plans involving substantial new construction . . . ."