Dolan, PJ.
Plaintiffs own vacant land in West Barnstable that is within the Old King’s Highway Regional Historic District (“historic district”). In order to obtain the certificate of appropriateness required for new construction in the historic district, plaintiffs applied to the Barnstable Old King’s Highway Historic District Committee (“committee”) for permission to build a windmill style new house. The committee denied the application and plaintiffs appealed to the Old King’s Highway Regional Historic District Commission (“commission”). The commission rejected the appeal and plaintiffs appealed to the Barnstable District Court. The court ruled that plaintiffs should receive a certificate of appropriateness for their proposed house and the commission appealed to this division. We reverse the decision of the district court for the reason that, as a matter of law, plaintiffs did not sustain their burden of proof on the issue of whether the committee exceeded its authority, exercised poor judgment, orwas arbitrary, capricious, or erroneous in its action. Gumley v. Board of Selectmen of Nantucket, 871 Mass. 718, 723-724 (1977). Marr v. Back Bay Architectural Commission, 23 Mass. App. Ct. 679, 681-682 (1987).
The Old King’s Highway Regional Historic District Act, St. 1973, c. 470as amended, (the Act) requires a committee to pass upon the appropriateness of exterior architectural features of buildings and structures to be erected or renovated within the historic district. Each town within the historic district has such a committee. In passing upon appropriateness, the committees shall consider, among other things, .the historical value and significance of the building or structure, the general design, arrangement, texture, material and color of the features involved and the relation of such factors to similar factors of buildings and structures in the immediate surroundings. The committees shall consider settings, relative size of buildings and structures, but shall not consider detailed designs, interior arrangements and other building features not subject to public view. The requirements of the Act are not too indefinite or lacking in sufficient standards. Opinion of the Justices, 333 Mass. 773, 780 (1955).
Plaintiffs’ proposed windmill style house is approximately 45 feet in length and 21 feet in depth at its deepest point It is approximately 25 feet in height, with the windmill blades extending somewhat further above the roof. Plaintiffs evolved the windmill style design by visiting historical windmills situated in various locations on Cape Cod. They testified that the design was based upon the dimensions of two of the existing windmills.
The committee denied the plaintiffs’ application for the reasons that “A more traditional house would be appropriate.... Although there certainly were windmills in the past on various parts of the Cape... there weren’t any historically in this area. The proposal has an element of mimicking the past as opposed to promoting Cape Cod *136 heritage. The building, both because it’s a windmill and because it’s relatively narrow, would clash with the homes in the area. It would call attention to itself by not fitting in, to the detriment of the area."
The regional commission reviewed the committee’s decision to determine if the committee “exceeded its authority or exercised poor judgment, was arbitrary, capricious or erroneous in its action,” and rejected plaintiffs’ appeal Under the terms of the Act, plaintiffs then appealed to the district court for the court to “hear all pertinent evidence and determine the facts and if, upon the facts so determined, such determination or approval is found to exceed the authority of the Commission... modify either by way of amendment, substitution or revocation, the decision of the Commission, and may issue such superceding approval or denial of the application ... with such conditions as... appropriate.” Under this review, the judge must affirm the regional commission’s decision unless, on the facts found by the judge, the commission should have concluded that the local committee exceeded its authority, exercised poor judgment, or wasarbitrary, capricious, or erroneous in its action. Anderson v. Old King’s Highway Regional Historic District Commission, 397 Mass. 609, 611 (1986).
Thecourt found thatwind driven mills were apartof the landscape in the area which is now the historic district. Although no mills now exist in the immediate area where the plaintiffs live, a mill built in 1796was located less than two miles from the location. The court also found that the proposed structure is not massive. The court determined that the local committee was erroneous and arbitrary, and should have approved plaintiffs’ plan. The court then ruled that the decision of the regional committee was erroneous.
The Act provides a right of appeal to this division on matters of law. The commission appealed, alleging error in the court’s denial of the request for a ruling that there was insufficient evidence in the record to show that the denial of plaintiffs’ application was arbitrary, capricious or erroneous.[2] All other requests for rulings of law were allowed by the court.
The commission’s position is that, without any basis in evidence, the trial judge determined that the decision of the local committee was erroneous and arbitrary. The committee gave several reasons for denying plaintiffs’ application. If any reason given by that local committee in support of its decision presents a valid basis for its decision, all other reasons for its decision become immaterial. S. Volpe & Co., Inc. v. Board of Appeals of Wareham, 4 Mass. App. Ct. 357, 358-359 (1976). We consider only the reason that the proposed house “would clash with the homes in the area” because we believe that it is dispositive of this case.
Afactor to be considered by the committee is the relation of the proposed house to buildingsandstructuresintheimmediatesurroundings. If the proposed house would clash with homes in the area, denial of the application would be appropriate. Man, supra at 683. It is not too difficult to imagine how the erection of a few wholly incongruous structures might destroy one of the principal assets of a town. Opinion of the Justices, supra at 780.
The report contains no evidence concerning other homes in the area. Without evidence of the size, shape or distance of other homes from plaintiffs’ proposed house, the trial judge could not have concluded that the committee was erroneous and arbitrary in determining that plaintiffs’ house would clash with other homes in the area. The report states that it “Contains all evidence material to the question reported.” While there may in fact have been evidence presented at trial not included in the report, we cannot speculate or assume that any such evidence was before the *137 trialjudge. Coco v. Lenfest, 27 Mass. App. Dec. 97, 101 (1967). That the trial judge took a view of the place in question does not add the evidence that the report does not contain. Information acquired at a view is not evidence in a strict and narrow sense, but is of assistance to understand better the testimony that has been or may be presented. Keeney v. Ciborowski, 304 Mass. 371 (1939).
The person seeking a certificate of appropriateness has the burden of proof on the question of whether the decision should be annulled. Marr, supra at 681-682. Absent the required evidence, plaintiffs’ case fails. The decision of the trial court is reversed. Plaintiffs’application is denied. So ordered.

 The actual request was "That, as a matter of law, there is insufficient evidence in the record to show that the Commission acted in an arbitrary, capricious or erroneous manner in affirming the local Historic DistrictCommittee’s denial of a Certifícate of Appropriateness for the proposed construction on Plaintiffs’property. Denied.” We interpret Commission to mean committee. In any event, requests for rulings may not be necessary in a case of this sort Anderson, supra at 611, n.4.