DANIEL F. MARR, trustee,[1] *vs.* BACK BAY ARCHITECTURAL COMMISSION. No. 90-P-1179. May 28, 1992. *Back Bay Architectural Commission. Bos-ton. Administrative Law*, Agency, Judicial review. *Practice, Civil*, Appeal, Summary judgment.

In *Marr* v. *Back Bay Architectural Commn.*, 23 Mass. App. Ct. 679 (1987) (*Marr I*), this court provided a detailed road map for a trial court reviewing a decision of the Back Bay Architectural Commission (commis-sion). Following the remand in *Marr I*, the commission filed a motion for summary judgment in the Superior Court.[2] The judge denied the motion on the grounds that the records of the commission's hearings were "mea-ger" and "insufficient to support the decision of the commission." He an-nulled the earlier decisions of the commission and remanded the case to the commission directing it to develop a more detailed factual record to substantiate its denial of the plaintiff's application.

The commission's appeal from the denial of its summary judgment mo-tion (without obtaining leave by a single justice of this court pursuant to

---

[3]By our opinion, we do not mean to suggest that after reconsideration, the judge could not reach the same result.

[1]Of the Judith Realty Trust.

[2]The commission had not previously filed a motion for summary judgment, and the judge hearing the case on remand was not the original judge.

G. L. c. 231, § 118, first par.) is interlocutory, and thus it is not properly before us. See *Leavitt* v. *Mizner*, 404 Mass. 81, 83 (1989). In the interests of judicial economy and with the hope of moving this case forward, however, we take this opportunity to comment on the apparent misinterpretation of our decision in *Marr I* and to provide further guidance to the lower court.

As we noted in *Marr I*, the scope of review on an appeal to the Superior Court from a decision of the commission is a twofold inquiry. "[T]he first inquiry should be whether the reasons given on the face of the decision are 'insufficient in law to warrant [the commission's] determination.'" 23 Mass. App. Ct. at 683. The second level of inquiry is whether the reasons given by the commission for denial of a certificate of appropriateness are warranted by the evidence within the meaning of § 10 of St. 1966, c. 625. The trial court is to "take evidence and make findings of fact on this branch of the inquiry. If the evidence before the court is sufficient to sustain the decision, the court can annul it only if persuaded by a fair preponderance of the evidence that the action of the commission was unreasonable, whimsical, capricious or arbitrary." *Id.* at 684.

Presented with the defendant's motion for summary judgment, the judge found, on the first level of inquiry, that the commission stated legally tenable reasons for denying the plaintiff a certificate of appropriateness. On the second level, however, the judge found that the evidence presented at the commission's hearing was insufficient to support the decision of the commission.

At the second level of inquiry, the judge appears to have misunderstood the directives of *Marr I*. We made clear in *Marr I* that, in evaluating whether the reasons given by the commission for denying a certificate are warranted by the evidence, the trial court should take evidence and make findings of fact. *Ibid*. In this case, evidence was already available in the form of the transcript of the first trial in 1985. Nevertheless, the judge appears neither to have considered that evidence nor conducted an additional evidentiary hearing.

While "the *scope of review* on an appeal to the Superior Court from a decision of the commission is not as extensive as that which applies in an appeal from a decision of a board of appeals under The Zoning Act," *Marr I*, 23 Mass. App. Ct. at 682 (emphasis added), the procedure is similar. As in an appeal from a denial by a board of appeals of an application for a special permit under G. L. c. 40A, § 17, it is not appropriate for the trial court to rely solely upon the transcripts of the hearings below or to order a remand of the case to the commission to develop an extensive factual record. See, e.g., *Prudential Ins. Co.* v. *Board of Appeals of Westwood*, 23 Mass. App. Ct. 278, 282 & n.7 (1986). Rather, the hearing in the Superior Court is the statutorily-defined mechanism by which the judge is to determine whether there is both sufficient legal and evidentiary

support for the reasons given by the commission for its decision. St. 1966, c. 265, § 10. See *Marr I*, 23 Mass. App. Ct. at 684.

The judge also erroneously shifted the burden of proof to the commission to show that its decisions were warranted by the evidence and not "unreasonable, whimsical, capricious or arbitrary." *Marr I*, 23 Mass. App. Ct. at 684. This burden clearly rests on the party seeking the certificate of appropriateness, and the trial court is prohibited from substituting its judgment for that of the commission. *Ibid.* See also *Parker* v. *Beacon Hill Architectural Commn.*, 27 Mass. App. Ct. 211, 215 (1989).

A review of the trial transcript in this case appears to us to provide enough information upon which to determine whether the decisions of the commission were warranted by the evidence. Should further evidence be required, the judge can take testimony. In any event, a remand to the commission for further findings is unwarranted. Similarly, there appears to be ample evidence in the trial transcript upon which to determine the issue of pretext. See 23 Mass. App. Ct. at 684 n.6. The burden is on the plaintiff to prove that the reasons given by the commission were a pretext. If the plaintiff failed to demonstrate this at the previous trial, he has failed to meet his burden. We also remind the trial court that, as we said in *Marr I*, "[i]f the commission has properly refused the requested certificate on the ground that the exterior architectural features of the proposed garage are not appropriate under the statute, the fact that the refusal will have the incidental effect of preventing the desired use is not a ground for annulling the commission's decision." 23 Mass. App. Ct. at 686.

The interlocutory appeal is dismissed, and the case is to stand for further proceedings consistent with this opinion.

*So ordered.*

*Mary Ellen Nolan* for the defendant.
*William D. Gardiner* for the plaintiff.