Curran, Dennis J., J.
Introduction
This case arises out of an alleged breach of a lease by the defendant, Child Development Centers and Systems, Inc. The plaintiff, Harsid Realty Associates, LLC, claims that Child Development vacated the premises before the lease expired, and has sued Child Development for a declaratory judgment, breach of contract, and promissory estoppel.
Child Development presently moves for summaiy judgment on the breach of contract and promissory estoppel claims. It also contends that if this Court allows its motion for summaiy judgment as to both claims, it must then allow summary judgment on its declaratory judgment claim. For the following reasons, Child Development’s motion for summary judgment is ALLOWED as to all claims against it.
BACKGROUND
In November 2004, Harsid and Main Street Trust entered into a written lease for office suites in Malden owned by Harsid. William Restuccia was the trustee of the Main Street Trust and owns Child Development. Child Development occupied office space leased by Main Street Trust. In September 2005, Main Street Trust dissolved and Child Development began paying rent directly to Harsid.
The parties’ lease is twenty-two (22) single-spaced, typed pages. It addresses, in some detail, a myriad of issues: a formula for rent adjustment (section 3(a), spanning three pages), improvements, alterations, assignments/subleases, indemnification, liability insurance, subrogation, utility service, mortgage subordination, public taking, breach (section 15, covering three pages), hazardous substances, waste discharge, rubbish removal, nuisance, estoppel certificates, and indeed, severability. The inference is inescapable that the lease terms, including the option language at issue here, were reached at arm’s length.
The lease also provided for an initial term of three years, from February 1, 2005 to January 31, 2008. Child Development also had an option to extend the lease for two additional one-year periods. On April 25, 2007, Child Development exercised its option to extend the lease for one-year, i.e. from February 1, 2008 to January 31, 2009, by sending writteñ notice to Harsid’s manager, Sidney Sontz.
On June 24, 2008, Child Development sent a letter (“the letter agreement”) to Mr. Sontz which stated that “the parties mutually agree to an option to extend the lease terms to three (3) additional one-year options, commencing on February 1, 2009 through January 31, 2012 as to the same terms and conditions as stated in the indenture of the lease dated November 2, 2004.” A few days after receiving the letter, Mr. Sontz *488 allegedly had a telephone conversation with Ms. Mary Jane Restuccia of Child Development, in which the latter stated “they [Child Development] were extending the lease for three more years until 2012.”
On Januaiy 12, 2009, Mr. Sontz wrote to Child Development stating, “I assume it is an oversight that I have not yet received notice of your intent to exercise your next option as required under the lease. Kindly send the notice so we can both document our flies accordingly.” On June 21, 2010, Mr. Sontz and Ms. Restuccia had another telephone conversation in which Ms. Restuccia said that Child Development was a tenant-at-will, had not exercised its option to extend the lease, and was considering moving from the premises. Mr. Sontz contended that they had a contract until 2012, and that he had a document extending the lease until 2012. This claimed document was the 2008 letter agreement.
On July 8, 2010, Child Development sent a letter to Harsid stating “Please be advised that we will be vacating the space and will pay rent through August 31, 2010.” On July 15, 2010, Harsid’s counsel sent Child Development a letter, claiming that Harsid believed that the tenancy continued until Januaiy 31, 2012. Child Development responded that the 2008 letter agreement amended the lease to add option periods, but did not extend the lease, and “assumed that this puts the matter to rest.” Child Development vacated the premises in late August and paid all rent due through that period.
The principal issues in this case focus on the 2008 letter agreement and the subsequent phone conversation between Mr. Sontz and Ms. Restuccia. Harsid alleges that the parties mutually agreed to an option to extend the lease term by three additional one-year options commencing on February 1, 2009 through January 31, 2012. Harsid also contends Child Development, through Ms. Restuccia’s statement, expressly indicated its intention to remain as a tenant until January 2012, and that Child Development breached the lease by vacating the premises in August 2010. Child Development denies that it exercised any of its options, and that the lease terminated on January 31, 2009. Thus, Child Development alleges it was a tenant-at-will from February 1, 2010 until August 2010, when it vacated the premises.
Harsid brought this action against Child Development for a declaratory judgment, breach of contract, and promissory estoppel. Child Development presently moves for summary judgment on the breach of contract and promissory estoppel claims.
DISCUSSION
Summary judgment may be granted when “viewing the evidence in the light most favorable to the nonmov-ing party, all material facts have been established and the moving party is entitled to judgment as a matter of law.” Cabot Corp. v. AVX Corp., 448 Mass. 629, 636-37 (2007). The party moving for summary judgment bears the initial burden of demonstrating the absence of a triable issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). This party may satisfy its burden by submitting affirmative evidence that negates an essential element of the non-moving party’s claim or by demonstrating that the non-moving party’s evidence is insufficient to establish an essential element of its claim. Kourouuacilis v. General Motors Corp., 410 Mass. 706, 715 (1991).
If the moving party sustains its initial burden of showing that no genuine issue of fact exists, the burden shifts to the non-moving party to rebut this conclusion. Mass.R.Civ.P. 56(e); Apahouser Lock & Sec. Corp. v. Carvelli, 26 Mass.App.Ct. 385, 389 (1988). The party opposing summary judgment must respond by presenting affidavits or other evidentiary materials that set forth specific facts demonstrating that there is a genuine issue for trial. Mass.R.Civ.P. 56(e); Pederson, 404 Mass. at 17. If the opposing party fails to respond or responds with inadequate materials, summary judgment may be entered against it. O’Brion, Russell & Co. v. LeMay, 370 Mass. 243, 245 (1976).
Breach of Contract Claim 1. The 2008 Letter Agreement
To create an enforceable contract, the parties must agree on its material terms and intend to be bound by that agreement. Situation Mgmt. Sys., Inc. v. Malouf, Inc., 430 Mass. 875, 878 (2000). If the language in a contract is unambiguous, its interpretation is a question of law for the court to decide. See Sparks v. Microwave Assocs., Inc., 359 Mass. 597, 600 (1971); Bottom Line Assocs., Inc. v. International Data Grp., Inc., 18 Mass.App.Ct. 921, 922 (1984). If the words of a contract are plain and free from ambiguity, they must be construed in accordance with the ordinary and usual sense. Edwin R. Sage Co. v. Foley, 12 Mass.App.Ct. 20, 28 (1981).
In this case, Harsid alleges that the parties agreed to extend the lease term until January 31, 2012. Harsid supports this argument with the 2008 letter agreement and Ms. Restuccia’s alleged statement that Child Development would remain as a tenant until 2012. However, the 2008 Letter Agreement does not extend the lease for a three-year period. Rather, its unambiguous terms give Child Development the option to extend the lease for three additional one-year periods. Child Development never notified Harsid of its intention to exercise the options in the 2008 letter agreement; thus, the lease ended in January 2009, when Child Development became a tenant-at-will.
Harsid contends that Child Development did not need to provide written notice of its intention to exercise its options in the 2008 letter agreement. However, the lease specifically required in section four entitled “Option to Extend” that Child Development provide Harsid with written notice of its intention to exercise its option six months before the expiration of the initial *489 term. The 2008 letter agreement also amended that lease. This Court, therefore, finds that Child Development was required to provide Harsid with written notice before the termination of the lease in 2009 of its intention to exercise its options provided for by the 2008 letter agreement. This conclusion is supported by Mr. Sontz’s letter to Child Development as the end of the lease approached, in which he wrote, “I assume it is an oversight that I have not yet received notice of your intent to exercise your next option as required under the lease. Kindly send notice so we can both document our files accordingly.” As Child Development did not provide notice, it became a tenant-at-will after the lease expired on January 31, 2009. See O’Brien v. Hurley, 331 Mass. 172, 175 (1954) (when a tenant under a written lease for a term of years holds over after the expiration of the term and continues to pay rent, it becomes a tenant-at-will on the same terms as set forth in the written lease).
2. Statement of Ms. Restuccia
Harsid also claims that the lease term extended until January 31, 2012 because Ms. Restuccia said that Child Development would remain a tenant until then. Child Development has raised a statute of frauds defense which provides that no action shall be brought “upon an agreement that is not to be performed within one year of the making thereof. .. [ujnless the promise, contract or agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or by some person thereunto by him lawfully authorized.” G.L.c. 259, §1. To satisfy the statute of frauds, the writing must state correctly the oral undertaking of the party sought to be charged. Epdee Corp. v. Richmond, 321 Mass. 673, 675 (1947). This oral agreement to extend the lease until 2012 is an agreement that “is not to be performed within one year of its making,” and is thus, is barred by the statute of frauds.[1]
Harsid claims, however, that Child Development should be precluded from asserting the statute of frauds as a defense, by the doctrine of equitable estoppel. Equitable estoppel provides that “where a party against whom enforcement of an oral contract is sought has made a material misrepresentation, that parly may be estopped from raising the statute of frauds defense.” Frederick v. ConAgra, Inc., 713 F.Sup. 41, 45 (D.Mass. 1989), citing Greenstein v. Flatley, 19 Mass.App.Ct. 351, 356 (1984). To succeed on such a defense, the plaintiff must establish three factors: (1) a representation or conduct amounting to a representation intended to induce a course of conduct on the part of the person to whom the representation is made; (2) an act or omission resulting from the representation, whether actual or by conduct, by the person to whom the representation is made; and (3) detriment to such person as a consequence of the act or omission. Cellucci v. Sun Oil Co., 2 Mass.App.Ct. 722, 728 (1974).
Harsid alleges that Child Development made a material misrepresentation when Ms. Restuccia allegedly told Mr. Sontz that it would remain as a tenant until 2012. Harsid alleges it relied on this representation, to its detriment. However, equitable estoppel may only be raised in cases where the plaintiff has raised claims of fraud and deceit as well as breach of contract. McTernan v. Haley & Aldrich Inc., 1995 WL 1146823 at *5 (Mass.Super. 1995) [4 Mass. L. Rptr. 430] (equitable estoppel should only be applied in cases where there are claims of fraud and deceit as well as breach of contract). Since Harsid has not alleged fraud or deceit, Child Development may properly assert the defense of statute of frauds. Therefore, Child Development’s motion for summary judgment is AH LOWED as to this claim.
Promissory Estoppel Claim
Harsid claims that even if the statute of frauds prevents it from proving the existence of a lease until 2012, a contract should nonetheless be found to exist based on the doctrine of promissory estoppel. To recover on a theory of promissory estoppel, a plaintiff must show “(1) a representation intended to induce reliance on the part of a person to whom the representation is made; (2) an act or omission by that person in reasonable reliance on the representation; and (3) detriment as a consequence of the act or omission.” Bongaards v. Millen, 440 Mass. 10, 15 (2003).
Harsid contends that it was reasonable to rely on Ms. Restuccia’s statement that Child Development would remain as a tenant until 2012. Additionally, it alleges that it relied on that statement to its detriment, because if Child Development had disclosed its true intentions, Harsid would have taken the necessary steps either to secure new tenants, or conversely, sell the property. While a party’s claimed reliance is often a matter for the jury, Harsid’s reliance is unreasonable as a matter of law.
Harsid’s promissory estoppel claim is premised on Ms. Restuccia’s statement that Child Development would remain as a tenant until 2012. However, following this conversation, Mr. Sontz signed and executed the 2008 letter agreement, which expressly granted Child Development the option to extend the lease for three one-year periods. The terms of the letter directly contradict Ms. Restuccia’s statement. The Supreme Judicial Court has stated “it is unreasonable as a matter of law to rely on prior oral representations that are (as a matter of fact) specifically contradicted by the terms of the written contract.” Masingill v. EMC Corp., 449 Mass. 532, 541 (2007). As the terms of the 2008 letter agreement directly contradicted Ms. Restuccia’s statement, Harsid’s reliance was unreasonable, and Child Development’s motion for summary judgment must be ALLOWED.
*490 CONCLUSION
Child Development had the option to extend the lease with Harsid for three one-year periods. As Child Development never provided Harsid with any notice, it did not exercise any of the options provided for in the 2008 letter agreement. Additionally, Harsid may not rely on any statement made by Ms. Restuccia because Child Development has properly raised a statute of frauds defense. As the 2008 letter agreement directly contradicted Ms. Restuccia’s statement, Harsid’s reliance on it was unreasonable. Harsid has also sought a declaration that Child Development is obligated to pay rent through January 2012. Since Child Development’s motion for summary judgment as to Harsid’s claims for breach of contract and promissory estoppel is allowed, it also flows that summary judgment is also granted for Child Development as to Harsid’s declaratory judgment claim.
ORDER '
For the foregoing reasons, it is hereby ORDERED that Child Development’s motion for summary judgment is ALLOWED as to all of Harsid’s claims.

Additionally, the oral agreement to extend the lease until 2012 is banned as an oral agreement for an interest in land. See G.L.c. 183, §3; G.L.c. 259, §1.