ALBERT ANDERSON & another[1] vs. OLD KING'S HIGHWAY
REGIONAL HISTORIC DISTRICT COMMISSION.

Barnstable.  March 4, 1986. — May 21, 1986.

Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Historic District Commissions,* Decision, Appeal. *Practice, Civil,* Historic
   district appeal.

Discussion of the respective functions under St. 1973, c. 470, as amended,
   of local committees, the regional commission, the District Court, the
   Appellate Division, and this court in determining the appropriateness of
   proposed changes in exterior architectural features of buildings or struc-
   tures in the Old King's Highway Regional Historic District. [610-611]
On appeal to a District Court from a decision of the Old King's Highway
   Regional Historic District Commission approving a local committee's
   decision to deny the owners of a house built in 1703 a certificate of
   appropriateness for the installation of vinyl clapboards over the painted
   shingles of an ell added to the house in the nineteenth century, the judge
   erred in reversing the decision of the commission largely on the ground
   that only a trained eye at close range could distinguish vinyl clapboards
   from wooden clapboards. [612-613]

CIVIL ACTION commenced in the Barnstable Division of the
District Court Department on December 29, 1982.

The case was heard by *Richard O. Staff,* J.

*Michael D. Ford* for the plaintiffs.

*James R. Wilson* for the defendant.

WILKINS, J. The Andersons own an old house on Grove
Street in Sandwich within the Old King's Highway Regional
Historic District (historic district).[2] Built in 1703 and known
as Newcomb's Tavern, the house was a Tory meeting place

---

[1] Yvonne Anderson.

[2] The act creating the historic district and the defendant commission is
St. 1973, c. 470. That act has been amended by St. 1975, c. 298 and
c. 845; St. 1976, c. 273; St. 1977, c. 38 and c. 503; St. 1978, c. 436; St.
1979, c. 631; and St. 1982, c. 338.

during the Revolution. It is located in Town Hall Square, a most significant part of the historic district. The structure, a wood-framed Colonial retaining many of its original architectural features, has a clapboard front and painted shingles on the sides and rear. Approximately one hundred years ago, an ell was added in the rear.

The Sandwich historic district committee (local committee) denied the Andersons a certificate of appropriateness for the installation of vinyl clapboards over the painted shingles of the ell. The defendant regional commission rejected the Andersons' appeal and affirmed the local committee's decision. A judge of the District Court heard the Andersons' appeal, found facts, and concluded that the committee should have issued a certificate of appropriateness. The Appellate Division reversed the trial judge's decision and affirmed the regional commission's decision. The Andersons have sought review by this court. We agree with the action of the Appellate Division.

We discuss first the roles of the local committee, the regional commission, the District Court, the Appellate Division, and this court. The Old King's Highway act required the Andersons to obtain from the local committee "a certificate of appropriateness" as to the proposed change in exterior architectural features before installing vinyl clapboards on their house. St. 1973, c. 470, §§ 6 & 8, as amended. To determine the appropriateness of any such change, the committee is instructed by the act to consider such factors as (a) the historical value and significance of the building; (b) the general design, texture, material, and color of the proposed feature; and (c) the relation of such elements to similar factors, exposed to public view, in nearby buildings. St. 1973, c. 470, § 10, as amended. "The committee shall not make any recommendations or requirements except for the purpose of preventing changes in exterior architectural features obviously incongruous to the purposes set forth in this act." *Id.*[3]

---

[3] Unlike the Historic Districts Act (see G. L. c. 40C, §§ 7 and 10 [*a*] & [*g*] [1984 ed]), the Old King's Highway act does not explicitly call for the municipal committee to make recommendations or requirements. A determination of appropriateness or inappropriateness is not, in normal parlance,

Any person aggrieved by a local committee's determination may appeal to the regional commission, which must hold a hearing and determine the facts. St. 1973, c. 470, § 11, as amended. If the local committee "exceeded its authority or exercised poor judgment, was arbitrary, capricious, or erroneous in its action," the commission must annul or revise the local committee's determination. *Id.* The regional commission's initial function is not to exercise its independent judgment on the facts, but rather to determine whether the local committee erred in some respect. See *Gumley* v. *Selectmen of Nantucket,* 371 Mass. 718, 723 (1977).

Any person who, in turn, is aggrieved by the action of the regional commission may appeal to the local District Court, where the judge "may hear all pertinent evidence and determine the facts." § 11, as amended. The judge's findings of fact are "final and conclusive." *Id.* The standard of review by the District Court judge is "analogous to that governing exercise of the power to grant or deny special permits" under local zoning regulations. *Gumley* v. *Selectmen of Nantucket, supra* at 719, 724. See *Opinion of the Justices,* 333 Mass. 773, 775 (1955). Thus the judge must affirm the regional commission's decision unless, on the facts found by the judge, the commission should have concluded that the local committee exceeded its authority, exercised poor judgment, or was arbitrary, capricious, or erroneous in its action. *Gumley* v. *Selectmen of Nantucket, supra* at 723-724.

The act permits an appeal from the District Court to the Appellate Division only on issues of law. St. 1973, c. 470, § 11, as amended.[4] This court's review is on the District Court report just as was the review by the Appellate Division.

---

the making of requirements. We need not decide whether the quoted language applies to the committee's action in this case because, in context, as applied to what the committee did here, appropriateness and obvious incongruity have the same meaning.

[4] An appeal based on a District Court report presents an unsatisfactory record for review of such cases, which principally involve equitable considerations based on all the evidence. See *Walker* v. *Board of Appeals of Harwich,* 388 Mass. 42, 45-46 (1983). When adopted in 1973, the act provided for an appeal to the Barnstable Superior Court "sitting in

The local committee denied the Andersons' application for a certificate of appropriateness stating its reasons. The house "is very historic, very visible, and located in the heart of the Sandwich Historic district." The Andersons put the vinyl on the back of the house without the committee's approval. Shingling and repainting are good alternatives to the use of vinyl. The regional commission's guidelines advised of "the potential practical long-term effects of vinyl siding applied to older houses." The committee stated that "[a]side from the possible aesthetic problems created by vinyl siding on the sides and back of this house, the long-term practical consequences would be markedly detrimental to the District."

We construe the local committee as saying that (a) the application involved a house of substantial historic significance in an important part of the historic district; (b) the Andersons applied vinyl siding to the rear of the house without the committee's permission, although they were on notice that the regional commission had issued guidelines pointing to the problem of vinyl siding on old houses; (c) there would be no hardship to the Andersons in denying the application because there were reasonable alternatives to vinyl clapboards; and (d) a detrimental precedent would be set if the owners of this significant property were allowed to change the siding on the ell from shingles to vinyl clapboards.

The regional commission held a hearing on the Andersons' appeal and concluded that, because the local committee's decision had a reasonable, factual basis, the local committee had acted appropriately.

The District Court judge explicitly or implicitly found the facts on which the local committee relied, but found further that only a trained eye at close range could distinguish vinyl

equity." St. 1973, c. 470, § 11. The current provision for appeal to the District Court was enacted in 1975. St. 1975, c. 845, § 13. Appellate consideration of the denial of requests for rulings fails to assure the kind of review that a case of this sort should have. That is particularly apparent where the report recites evidence before the judge but contains no findings on the relevant factual issues presented by that evidence. We leave open the possibility that errors of law not arising from the denial of requests for rulings could be presented on appeal in a case of this sort.

clapboards from wooden clapboards. Largely on this ground, he concluded that the architectural change was not inappropriate ("is not obviously incongruous") to the purposes set forth in the act.[5] The problem with this conclusion is that it did not compare vinyl clapboards with painted shingles. Although we doubt that the act supports the judge's reliance on the untrained eye as the measure of appropriateness, the difference between vinyl clapboards and painted shingles is obvious both to the trained and the untrained eye.[6] The judge thus relied on an inappropriate ground for reversing the commission's decision. On the facts found, the judge would not have been warranted in deciding that the decision of the regional commission exceeded its authority.[7]

*Decision of the Appellate Division affirmed.*

[5] The judge found that the local committee had permitted vinyl clapboards on at least three other structures in the vicinity. The report recites evidence that these structures were built in the nineteenth century, "the Industrial or Glass Factory Age," when smooth textured white clapboard was a typical feature. The judge should have made findings of fact and not recitations of evidence concerning these other houses. We construe the judge's recitation of evidence of this character as presenting the unchallenged historical background in which the local committee acted. The inclusion in the report of evidence of conflicting opinions about the use of vinyl is less explicable.

[6] If, as the Appellate Division construed the judge's findings, the judge thought that only a trained eye could distinguish between a clapboard-sided and a shingled house, the judge's conclusion is simply unwarranted as a matter of law.

[7] The judge denied the following requests (with the notation: "See Findings"): "3. That, as a matter of law, it is not obviously incongruous with the intent and purposes of St. 1973 c. 470, as amended, for a committee to deny a change from painted wooden shingles to white vinyl clapboard on the rear and sides of a colonial building that is listed on the National Register of Historic Places."

"7. That there is insufficient evidence in the record to show that the Commission acted in an arbitrary, capricious or erroneous manner in examining the local Committee's denial of a Certificate of Appropriateness for the placement of white vinyl clapboards on a prominent colonial building."

The seventh numbered request should have been allowed. The third numbered request, although not directly focused, as it should have been, on the proposed architectural change, stated the general principle properly applicable on the facts found by the judge.