Aguiar, J.
This appeal raises the issue of whether the trial judge was correct in ruling that a decision of the Old King’s Highway Regional Historic District Commission (“Commission”) that required plaintiff to remove an outbuilding from his property was arbitrary. There is no error in the Courf s ruling.
Plaintiff received approval from the Commission to demolish a small home, a detached garage and a detached shed/studio on his property located on Harris Meadow Lane in Barnstable, and to thereafter construct a larger home with a three car attached garage. During the project, plaintiff determined that the shed/ studio was in good condition and applied for a certificate of appropriateness from the'JLocalTown Committee (“Committee”) to retain the detached shed/studio. The Committee denied the application and plaintiff appealed to the Commission which also denied the application.
The evidence before the Commission included the testimony of the Commission’s chairman, who was also a member of the Committee, that the “bulk, scale and massing” of the new home with attached garage and the shed/studio was too large to be in conformity with the mandate of this Historic District. At the trial, a Ms. Candace Jerkins testified on behalf of the Commission. She testified that she had specialized knowledge and training in architectural history. She stated that she first viewed the subject property on the day of the trial and in her opinion, the shed/studio does not meet the Commission’s mandate. She indicated that the proposal of a detached shed/ studio along with a house with an attached three car garage was out of character with the locus in question.
The plaintiff’s evidence was different. Timothy J. Luff, an architectural designer, testifiedfortheplaintiff that theword “massing” cannot bedefined architecturally,but that he understood it to be a building’s three dimensional qualities such as height, width andlength as well as abuilding’s articulation, configuration andfenestration. He stated that in his opinion, the mass of this property would not be out of keeping with other’s in the area. He also testified that numerous other properties in the immediate area have accessory outbuildings.
The trial judge to ok a view and made findings. He found that the shed/studio is not visible from historic Route 6A. As viewed from Harris Meadow Lane, the entire project does not appear any larger than the other houses in the immediate area. Although the house is large, its visual impact from the road was significantly reduced by plaintiff from what it would otherwise appear because he reduced the grade by six feet during construction in order to give his neighbors a better view of the harbor. The true size of the house and the largest visual impact becomes apparent only if one walks past the property going North on Harris Meadow Lane and looks back at the rear area of the house. At this point, the shed/studio is not visible. On the view, the court noted the adjoining property to the East to be an older residence with several outbuildings. As one walks along Route 6A in the area of Harris Meadow Lane, there are numerous *177 older houses which have several detached outbuildings. As one views all of the Old King’s Highway, the court found that it appears to be more of a characteristic of the older homes to have an outbuilding, than not to have an outbuilding.
The trial judge correctly dismissed the contention that the entire project is too big as to its visual impact because he specifically found that it is no larger than some adjacentproperües. He also found that itwas a characteristic of the area homes to have an outbuilding. While conceding that the Commission and the Committee have broad discretion in these matters, and that deference is to be accorded to the decisions of the Committee and the Commission, the trial judge ruled that the action taken here was taken without any determining principles and therefore can only be described as arbitrary. Anderson v. Old King’s Highway Regional Historic District Commission, 397 Mass. 609, 611 (1986). A denial based upon a subjective determination that the application should be denied because the property consists of a home with an attached garage and a detached outbuilding was arbitrary and an abuse of discretion.
The trial judge denied the Commission’s request for ruling of law “That as amatter of law the proceedings before the committee and the commission did not deny the plaintiff of any rights of due process and fundamental fairness.” However, the judge stated that any such perceived unfairness did not affect his decision. Because the judge’s perceived unfairness in the Commission’s procedures did not affect his decision, we do not review the issue of possible unfairness associated with the Commission’s chairman testifying before the Commission on behalf of the committee’s decision.
Report dismissed.