612                                              421 Mass. 612

Harris *v.* Old King's Highway Regional Historic Dist. Comm'n.

JOHN H. HARRIS *vs.* OLD KING'S HIGHWAY REGIONAL
HISTORIC DISTRICT COMMISSION.

Barnstable. December 7, 1995. - January 5, 1996.

Present: LIACOS, C.J., ABRAMS, O'CONNOR, GREANEY, & FRIED, JJ.

*Historic District Commission*, Decision, Appeal. *Practice, Civil*, Historic
district appeal.

Discussion of the standards of review applicable to appeals to the Old
King's Highway Regional Historic District Commission and to the Dis-
trict Court under the provisions of St. 1973, c. 470, as amended by St.
1975, c. 845, and to the Appellate Division of the District Court and to
the Appeals Court and the Supreme Judicial Court, respectively, from
a decision of the Barnstable historic district committee. [614-616]

The Barnstable historic district committee had a rational basis for its de-
nial of a certificate of appropriateness for the proposed conversion of a
garage to a shed or studio and the Old King's Highway Regional His-
toric Commission correctly upheld the committee's decision; a judge of
the District Court, reviewing the commission's decision, erred in con-
cluding that the committee's determination was arbitrary. [616-618]

CIVIL ACTION commenced in the Barnstable Division of
the District Court Department on February 5, 1992.

The case was heard by *W. James O'Neill*, J.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*Robert G. Brown* for the defendant.

*Robert A. Bianchi* for the plaintiff.

GREANEY, J. This case is here on further appellate review
and requires us to decide whether a District Court judge,
who reviewed a decision of the Old King's Highway Regional
Historic District Commission (regional commission), prop-
erly concluded that the Barnstable historic district committee
(local committee) had no rational basis for denying the
plaintiff, John H. Harris, a certificate of appropriateness to

421 Mass. 612                                   613

Harris *v.* Old King's Highway Regional Historic Dist. Comm'n.

convert a garage on his property into a shed or studio. The judge reported his decision to the Appellate Division of the District Courts which discharged the report. The regional commission appealed. A divided panel of the Appeals Court concluded that the judge had ruled correctly and affirmed the Appellate Division's dismissing the report and sustaining the judge's decision. 38 Mass. App. Ct. 447 (1995). We granted the regional commission's application for further appellate review. We conclude that the regional commission acted properly in upholding the local committee's decision. Consequently, we reverse the order of the Appellate Division and direct the entry of a judgment in the regional commission's favor.

The background of the case is as follows. The plaintiff owns a one-acre parcel of land on Harris Meadow Lane in Barnstable. The plaintiff's land lies within the Old King's Highway Regional Historic District created by St. 1973, c. 470 (Act).[1] The plaintiff applied to the local committee for a certificate of demolition which would allow him to demolish a residential house, a garage, and an outbuilding on his land. (None of the three buildings had any historical significance.) The plaintiff also applied for a certificate of appropriateness which would authorize the construction of a new home with an attached three-car garage. The local committee held a hearing and approved both certificates with minor revisions not in issue on this appeal.

The plaintiff constructed the new house, but, in the course of construction, decided not to tear down the old garage and instead sought to convert it into a shed or studio. The plaintiff applied to the local committee for a certificate of appropriateness for this purpose, which was denied after hearing. The plaintiff appealed under § 11 of the Act, as amended, to the regional commission which, after hearing, upheld the local committee's decision denying the plaintiff a certificate to

---

[1]The Act has been subsequently amended by St. 1975, c. 298 and c. 845; St. 1976, c. 273; St. 1977, c. 38 and c. 503; St. 1978, c. 436; St. 1979, c. 631; and St. 1982, c. 338.

614 · 421 Mass. 612

Harris v. Old King's Highway Regional Historic Dist. Comm'n.

keep the garage and to convert it into a shed or studio.[2] The plaintiff next appealed under the second paragraph of § 11 of the Act, as amended, to the Barnstable District Court, where a judge found facts and concluded that the regional commission had erred in upholding the local committee's denial of the certificate of appropriateness for retention of the old garage. The judge reported the case to the Appellate Division which, finding no prejudicial error, dismissed the report. An appeal to the Appeals Court ensued, with our subsequent grant of the regional commission's application for further appellate review.

We now turn to the merits by first outlining the governing law. The plaintiff was required by the Act, as amended, to apply to the local committee for certificates of appropriateness approving the demolition of the buildings on his land, the construction of a new home and three-car garage, and, ultimately, the retention and conversion of the old garage. The local committee is instructed by § 10 of the Act, as amended, to consider such factors as the historical value and significance of the buildings involved and whether the size, features, demolition, removal, or construction of the buildings will further the purpose of the historic district. Section 1 of the Act, as amended, sets forth its purpose in terms of the promotion of the welfare of the historic district through "the preservation and protection of buildings, settings and places . . . and through the development and maintenance of appropriate settings and the exterior appearance of such buildings and places, so as to preserve and maintain such regional district as a contemporary landmark compatible with the historic, cultural, literary and aesthetic tradition of Barnstable county, as it existed in the early days of Cape Cod, and

---

[2]The regional commission reversed the local committee's decision which had disallowed two design features of the plaintiff's house: a skylight and the design of the garage doors. These are the items previously referred to which are not in issue.

421 Mass. 612                                                      615

Harris v. Old King's Highway Regional Historic Dist. Comm'n.

through the promotion of its heritage."[3]

A person aggrieved by a local committee's decision may appeal to the regional commission under § 11 of the Act, as amended. The regional commission can annul or revise the local committee's determination only if the local committee "exceeded its authority or exercised poor judgment, was arbitrary, capricious, or erroneous in its action." *Id.* "The regional commission's initial function is not to exercise its independent judgment on the facts, but rather to determine whether the local committee erred in some respect. See *Gumley* v. *Selectmen of Nantucket*, 371 Mass. 718, 723 (1977)." *Anderson* v. *Old King's Highway Regional Historic Dist. Comm'n*, 397 Mass. 609, 611 (1986).

A person who, in turn, is aggrieved by the regional commission's decision may appeal under the second paragraph of § 11 of the Act, as amended, to the local District Court. The judge is directed to hear the pertinent evidence and to find the facts which are considered "final and conclusive." *Id.* The standard of review governing the judge is "analogous to that governing exercise of the power to grant or deny special permits" under a local zoning bylaw. *Gumley* v. *Selectmen of Nantucket, supra* at 719, 724. The judge is required to affirm the regional commission's decision unless, on the facts found by the judge, the regional commission should have concluded that the local committee exceeded its authority, exercised poor judgment, or was arbitrary, capricious, or er-

---

[3]In its entirety, § 1 of the Act, as amended, entitled "purpose" reads as follows:

> "The purpose of this act is to promote the general welfare of the inhabitants of the applicable regional member towns so included, through the promotion of the educational, cultural, economic, aesthetic and literary significance through the preservation and protection of buildings, settings and places within the boundaries of the regional district and through the development and maintenance of appropriate settings and the exterior appearance of such buildings and places, so as to preserve and maintain such regional district as a contemporary landmark compatible with the historic, cultural, literary and aesthetic tradition of Barnstable county, as it existed in the early days of Cape Cod, and through the promotion of its heritage."

roneous in its action. *Gumley* v. *Selectmen of Nantucket,* *supra* at 723-724. See § 11 of the Act, as amended. Appeals from the final judgment entered in the District Court may be pursued to the Appellate Division and to the Appeals Court. These appeals concern only issues of law.[4] See *Anderson* v. *Old King's Highway Regional Historic Dist. Comm'n, supra* at 611.

The chairman of the local committee explained to the regional commission that the local committee had denied the final certificate sought by the plaintiff because (1) the local committee had already approved a new three-car garage on the site despite the fact that construction of three-car garages was discouraged; (2) the "sizing, massing and scale" of the plaintiff's final proposed project were "just too much"; (3) "most of the buildings cited by [the plaintiff as similar to his completed project] make very different statements as they address Route 6A [Old King's Highway]"; and (4) "[m]ost of the homes depicted do not have a three car garage with an additional outbuilding." The chairman of the local committee also described plans that had been previously approved by the regional commission and stated that, "while there may be similarities with other houses in the [d]istrict, each house is different, and the ultimate issue [with respect to the plaintiff's completed project] was not design, per se, but historic compatibility."[5] We construe the local committee as

---

[4]The Appeals Court's, and this court's, review is of the report made in the District Court. *Anderson* v. *Old King's Highway Regional Historic Dist. Comm'n,* 397 Mass. 609, 611 (1986).

[5]The dissenting Justice in the Appeals Court noted in her separate opinion that there was additional expert evidence before the judge on the historic incompatibility of the outbuilding. "As stated in the report to the Appellate Division, there was evidence before the judge from a consultant in historic preservation that outbuildings were built in the post-World War II period and that such buildings did not exist at the turn of the century. The consultant noted that the original application was for the demolition of a single-family house with detached outbuildings and their replacement with a single-family house with an attached garage. Now sought, was a single-family house with an attached garage and with a detached outbuilding. In her opinion, this design was not appropriate to the historic character of the area." 38 Mass. App. Ct. 447, 454 (1995) (Dreben, J., dissent-

saying that (1) it had approved the three-car garage with re-
luctance because of the size and nonhistoric character of the
resulting main structure; (2) they would not also have ap-
proved the retention of the old garage had this been
presented as part of the initial plan because it would result in
a large freestanding outbuilding and a large attached out-
building (three-car garage) on a comparatively small site;
and (3) in addition to size, the configuration of the resulting
project was an essentially modern one which was not in keep-
ing with the over-all character of the historic district.

The judge took a view of the plaintiff's property and the
general area. The judge stated that, although the plaintiff's
house was large, a reduction in grade reduced the visual im-
pact of the building from the road. He also stated that the
entire project (house, garage, and shed or studio), viewed
from Harris Meadow Lane, did not appear any larger than
other homes in the immediate area. The judge noted as well
that "the adjacent property to the [e]ast [is] an older resi-
dence with several out-buildings" and that "along Route 6A
in the area of Harris Meadow Lane, there are numerous
older homes which have several detached outbuildings." The
judge concluded that the action taken by the local committee
was "done without any determining principles and therefore
can only be. described as arbitrary."

We conclude that the basis for the local committee's deter-
mination outlined above was reasonable, and that the com-
mittee could conclude that, with the addition of the shed or
studio, the plaintiff's project went beyond what had been
generally permitted (and was desired) in the historic district
and was incompatible with the district. The local committee
possessed a substantial measure of discretion in deciding
whether the plaintiff's applications for certificates of appro-
priateness were in congruity with the historic district. The
local committee was required to balance the conflicting inter-
ests of the plaintiff to use his property as he saw fit with the

---

ing). This testimony supports the local committee's decision as upheld by
the regional commission.

rights of others in the district to have the heritage, culture, and physical environment therein (as encompassed in the words "early days of Cape Cod" used in § 1 of the Act, as amended), preserved reasonably intact. Since the local committee's decision had a rational basis, the judge should not have set it aside.

The order of the Appellate Division dismissing the report is reversed. A new order is to be entered in the Appellate Division reversing the judgment of the District Court and directing the entry of a judgment in the District Court affirming the decision of the regional commission.

*So ordered.*