Following a jury-waived trial in District Court, the judge ordered the entry of judgment in favor of the defendants (tenants) on their counterclaim pursuant to G. L. c. 186, § 14, finding that the plaintiff (landlord) breached the tenants' right of quiet enjoyment of their rental property in June, 2012, when she (along with three movers) entered the property to remove certain of her personal items. The Appellate Division of the District Court Department affirmed. This appeal followed. We affirm.
Sufficiency of the evidence. On appeal, the landlord argues that there was insufficient evidence to support the judge's finding that she breached the tenants' right to quiet enjoyment because she testified that the tenants had given her blanket permission to enter the property at any time. We accept a trial judge's findings of fact unless clearly erroneous, and uphold the legal conclusions based on these findings as long as they "are based on reasonable inferences from the evidence."[2] Demoulas v. Demoulas Super Mkts., Inc., 424 Mass. 501, 510 (1997).
At trial, the landlord admitted that, on the date in question, she entered the rental property without giving any specific notice to the tenants that she intended to do so. Her testimony that the tenants had given her blanket permission to enter the property at any time was contradicted by documentary evidence-an electronic mail message, written immediately following the landlord's entry into the rental property, that expressed the tenants' outrage at the landlord's entry into their home, while their minor children were home alone, and their position that they had not given her permission to enter. On this record, there was sufficient evidence to support the judgment in favor of the tenants that the landlord breached the tenants' right to quiet enjoyment by entering the property without their permission.
Attorney's fees and costs. Next, the landlord argues that, in light of her original complaint as a small claims action, seeking less than $5,000 in damages, the trial judge abused her discretion in awarding $15,678.75 in attorney's fees and costs to the tenants in connection with their G. L. c. 186, § 14, counterclaim.[3] ,[4] We review the award of legal fees for abuse of discretion. Berman v. Linnane, 434 Mass. 301, 303 (2001). On appeal, the landlord does not challenge any individual item submitted in support of the fee award; instead, she argues that the fees were disproportionate in light of her original $5,000 complaint. The argument lacks merit. See, e.g., Murphy v. Miller, 75 Mass. App. Ct. 210, 213-214, 219 (2009) (affirming award of statutory damages of $1,755 and nearly $16,000 in attorney's fees and costs in connection with tenant's successful G. L. c. 186, § 14, claim). See also Simon v. Solomon, 385 Mass. 91, 111-112 (1982) (affirming award of $40,000 in fees and costs). Here, when the case was transferred to the District Court, the landlord amended her complaint to seek $50,000 in damages. As the trial judge noted, discovery on the amended claims and counterclaims[5] went on for "months and months," with the landlord abandoning her amended claims on the first trial day[6] and opting to proceed only on her original claims. By then, the tenants had spent substantial legal fees. In these circumstances, the judge's award of fees was not an abuse of discretion.
The tenants are also entitled to appellate attorney's fees for successfully defending the victory on their breach of quiet enjoyment claim brought pursuant to G. L. c. 186, § 14. See Yorke Mgmt. v. Castro, 406 Mass. 17, 19 (1989). Within fifteen days of the date of the rescript, the tenants shall submit a statement of their appellate attorney's fees in accordance with the procedure specified in Fabre v. Walton, 441 Mass. 9, 10-11 (2004). Within fifteen days thereafter, the landlord may submit an opposition to the amount requested. See Demoulas Super Mkts., Inc. v. Ryan, 70 Mass. App. Ct. 259, 268-269 (2007).
Decision and order of the Appellate Division affirmed.

"This court's review is on the District Court report just as was the review by the Appellate Division." Anderson v. Old King's Hy. Regional Historic Dist. Commn., 397 Mass. 609, 611 (1986).

The action was removed, by agreement of the parties, to District Court.

The landlord also argues that the fee amount was unwarranted because the tenants did not submit actual invoices from their counsel. Given that trial counsel submitted an affidavit along with the itemized fee application, and that the landlord specifically waived an evidentiary hearing, this argument lacks merit.

In addition to their counterclaim under G. L. c. 186, § 14, the tenants asserted counterclaims for breach of contract and under G. L. c. 93A. The landlord does not argue that the awarded fees were improperly allocated to the G. L. c. 186, § 14, counterclaim; accordingly, any such argument is waived. See Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006) ("An issue not raised or argued below may not be argued for the first time on appeal" [citation omitted] ).

The tenants filed a motion for judgment on the pleadings on the landlord's tort and equitable relief claims, which was granted.